NATIONAL BANK OF LEBANON, &C. *v.* CAMPBELL & IRVIN.

**Assignment for Benefit of Creditors—Deed of Vendor.**

A deed is attacked as fraudulent, and is sought to be made an assignment for the benefit of creditors; the vendor was not made a party, but the vendee only. Held, on a claim that as the the legal grantor not being before the court, there was no such action for subjecting the property as contemplated by statute, that the deed vested nothing in the vendee and was merely a preference.

**Same—Parties.**

The vendee could be brought before the court for the purpose of passing the legal title at any time.

APPEAL FROM MARION CIRCUIT COURT.

March 19, 1872.

OPINION OF THE COURT BY JUDGE HARDIN:

The facts disclosed in the record satisfy us that Mitchell made the deed to Spalding in violation of the provisions of the act of March 10, 1856, and that it operated as an assignment of his property for the benefit of his creditors; but as by the second section of that act suit should have been brought to subject the property within six months, and Spalding was not sued at all, but only the bank and other beneficiaries under the deed, it is contended that for this cause the judgment must be reversed on two grounds; first, for a defect of parties, Spalding not being sued; and second, he as the legal grantor not being before the court there was in fact no such action for subjecting the property as contemplated by the statute. The first ground of objection was, no doubt a cause of special demurrer, but the advantage not being so taken, it was waived. (Civil Code, sections 120, 121 and 123.)

Nor can we regard the other objection, taken to the judgment, an available one for reversing the judgment. The deed vested nothing in Spalding, being the naked legal title; its plain and manifest, meaning and effect being to secure the bank as the beneficiary. We must regard this suit against that corporation, brought in apt time, as it was, as substantially an action under the statute for having the deed construed to operate as an assignment; and if Spalding should be brought before the court for the purpose of passing the legal title to purchasers or others, it is not, as supposed in the argument, too late to do so yet.

The judgment is affirmed.

*W. B. Harrison, for appellants.*
*R. & F., for appellees.*